# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY FLORIDA

JAYME MONTIN,

       Plaintiff,

v.                                CASE NO. 5:19cv143-RH-MJF

GEOVERA SPECIALTY INSURANCE
COMPANY,

       Defendant.

_____/

## ORDER DISMISSING THE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

This case arose from Hurricane Michael and has been settled. All that remains is the plaintiff's claim for attorney's fees. The plaintiff's attorney is Stuart Barry Yanofsky of Plantation, Florida. The plaintiff, while represented by Mr. Yanofsky, has repeatedly missed relevant deadlines. The defendant has moved to dismiss the fee claim on this basis. This order grants the motion.

Local Rule 54.1 establishes a bifurcated procedure for awards of attorney's fees. First, a party must move for a determination of the party's *entitlement* to a fee award. The deadline for the entitlement motion is 14 days after the entry of judgment. Upon entry of an order determining the party's *entitlement* to a fee

award, the party has 30 days to file declarations supporting the claimed *amount* of the award.

The parties settled this case. A judgment was entered under Federal Rule of Civil Procedure 58 ordering the parties to comply with their settlement agreement, reserving jurisdiction to enforce that order, and dismissing the underlying claims. Under the settlement agreement, the plaintiff was entitled to a fee award.

The date of the judgment was November 14, 2019. This made the deadline for a motion to determine entitlement November 29 (the day after Thanksgiving) or perhaps December 2 (if the court was closed on November 29). The plaintiff did not file a timely motion.

The defendant chose not to stand on the plaintiff's default. Instead, on January 13, 2020, the defendant filed a motion for a fee determination. This was both commendable and understandable—commendable because the defendant chose to cut the plaintiff some slack, and understandable because the defendant wished to close its file.

An order was entered on January 18 explicitly determining the plaintiff's entitlement to a fee award. The plaintiff had a history of missing deadlines: before the settlement, she missed the deadline to respond to the defendant's summary-judgment motion, and after the settlement, she missed the deadline for a fee entitlement motion. Because of this history, the January 18 order emphasized the

need to comply with the Local Rule 54.1 deadline for declarations. The order

quoted the rule so there would be no need to look it up, and the order continued:

"The plaintiff should note well: the court may extend the deadline on a consented

motion or on a contested motion showing good cause, but missing the deadline as

originally established or as extended may result in the denial of a fee award." ECF

No. 22 at 2.

The 30th day after entry of the order was February 17, a holiday, so the

deadline for declarations was February 18. The plaintiff missed the deadline. On

February 21, the defendant moved to dismiss the plaintiff's fee claim based on the

missed deadline. Under Local Rule 7.1, the deadline for the plaintiff's response to

the motion to dismiss was March 6. The plaintiff missed that deadline, too. On

March 9, the plaintiff moved to extend the deadline for filing declarations to March

15, blaming a secretary for failing to calendar the original deadline. The plaintiff

provided no further response to the motion to dismiss and offered no excuse for

missing the deadline to respond to that motion.

The plaintiff still has not submitted the required declarations. The March 15

extended deadline the plaintiff requested has passed. It has been more than four

months since the entry of judgment in the underlying case, two months since entry

of the entitlement order, more than a month since the declarations were due, and

nearly a month since the defendant moved to dismiss the fee claim. The plaintiff

has offered no good cause, no excusable neglect, no colorable excuse. At some point the rules matter.

IT IS ORDERED:

1. The defendant's motion, ECF No. 23, to dismiss the plaintiff's attorney's fee claim is granted. No fees will be awarded against the defendant.

2. The plaintiff's motion, ECF No. 24, to extend until March 15 the deadline for filing declarations on attorney's fees is denied as moot.

3. The clerk must provide a copy of this order to the Florida Bar. No recommendation is made as to what action, if any, the Bar should take.

SO ORDERED on March 19, 2020.

s/Robert L. Hinkle
United States District Judge